United States District Court
For the District of Columbia.

—————————————————————x

Richard Isasi

                    Plaintiff

              v.

Office of the Attorney General
and Office of the Deputy
Attorney General.

                    Defendants.

—————————————————————x

Application for a Statutory
Three - Judge Court.
LC.v R. 9.1

FILED

07 2015        NOV 0 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pursuant to Local Rule LC.v R. 9.1 Plaintiff submitted an Application
for a Statutory Three - Judge Court.

     The Grounds for this Request are as Follows.

a)  The Federal Rules of Criminal Procedure as they apply to extradition
and rendition of fugitives must be followed that process enforced
under the title 18 § 3182 through 3196.

     In the instant case the mandatory procedures were not complied
with and Plaintiff was illegally transported into U.S. Jurisdic-
tion pursuant to defective documentation.

b)  Plaintiff attached to this Application for a Three-Judge Court,
     Plaintiff's extradition paper's. Attached are:

1.  U.S. Department of Justice "Certificate" date April 4, 1995
2.  Note. No. 1914. two Pages
3.  Note. No. 1906. (4) Pages
4.  Note. No. 1870. (3) Pages
5.  Request for Provisional Arrest in Mexico. Dated. February 6, 1995.
               (4) Pages.
6.  Request for Provisional Arrest in Mexico. Dated. February 21, 1995
               (3) Pages.
7.  Note. No. 1533.

4

8. Parol Request for Luis Martinez dated. February 26, 1996. (2) Pages.

9. Certification by the Governor dated. March 14, 1996. (2) Pages.

10. Appellate Counsel Letter dated August 27, 2002 and November 27, 2002. (2) Pages.

c) The basis of this Application states that "[N]or shall any state deprive any person of life. Liberty or Property, Without Due Process of Law ......" U.S. Const. Amdt 14 § 1.

Respectfully Submitted

Dated. October 9, 2007.

Richard Isisi # 98A1899.
Attica Correctional Facility.
P.O. Box 149.
Attica. New York. 14011-01401.

# United States
# Department of Justice





Washington, D.C., _____ April 4 _____, 19 95

To whom these presents shall come, Greeting:

That __Thomas G. Snow_____ whose name is signed

to accompanying paper, is now, and was at the time of signing the same,

Deputy Director, Office of International Affairs, Criminal Division, U.S. Department

of Justice, Washington, D.C._____

_____ duly commissioned and qualified.

In witness whereof, I, __Janet Reno_____

> Attorney General of the United
> States, have hereunto caused the
> Seal of the Department of Justice
> to be affixed and my name to be
> attested by the Deputy Assistant
> Attorney General for Administration,
> of the said Department on the day
> and year first above written.

_____
_Attorney General_

By _____
_Deputy Assistant Attorney General for Administration_

FORM JMD-449
MAR. 83

UNCLASSIFIED

RELEASED IN FULL

J8a

No. 1914

The Embassy of the United States of America presents its compliments to the Secretariat of Foreign Relations and has the honor to refer to the Extradition Treaty between the United Mexican States and the United States of America of May 4, 1978, and to Diplomatic Note no. 1906 dated April 10, 1995, with which the Embassy formally requested the extradition of LUIS MARTINEZ, also known as (aka) RICHARD ISASI, aka GEORGE L. ORTIZ, aka VETERAN FALCO, aka LUIS MARTINO.

The Embassy would like to inform the Secretariat that it has received the certified copies of the documents attached herewith as additional evidence in the case of MARTINEZ.

The Embassy of the United States of America avails itself of this opportunity to renew to the Secretariat of Foreign Relations the assurances of its highest consideration.

Enclosures:

Additional documents and Spanish translation.

Embassy of the United States of America, Mexico City, May 26, 1995.

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: H E BOVIS
DATE/CASE ID: 12 APR 2006  200504385

UNCLASSIFIED

UNCLASSIFIE

RELEASED IN FULL

J8b

No. 1914

<u>TRADUCCION LIBRE</u>

La Embajada de los Estados Unidos de América presenta sus cumplidos a la Secretaría de Relaciones Exteriores y tiene el honor de referirse al Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, de fecha 4 de mayo de 1978, y a la Nota Diplomática no. 1906, de fecha 10 de abril de 1995, con la que la Embajada solicitó formalmente la extradición de LUIS MARTINEZ alias RICHARD ISASI, alias GEORGE L. ORTIZ, alias VETERAN FALCO, alias LUIS MARTINO.

La Embajada desea informar a la Secretaría que ha recibido copia certificada de los documentos que se anexan a la presente como pruebas adicionales en el caso de MARTINEZ.

La Embajada de los Estados Unidos de América aprovecha esta oportunidad para renovar a la Secretaría de Relaciones Exteriores la seguridad de su más distinguida consideración.

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: H E BOVIS
DATE/CASE ID: 12 APR 2006  200504385

UNCLASSIFIED

No: 1906

The Embassy of the United States of America presents its compliments to the Secretariat of Foreign Relations and has the honor to refer to the Extradition Treaty between the United Mexican States and the United States of America of May 4, 1978, and to formally request the extradition of LUIS MARTINEZ, also known as (aka) RICHARD ISASI, aka GEORGE L. ORTIZ, aka VETERAN ALCO, aka LUIS MARTINO.

MARTINEZ is wanted in order to stand trial for robbery and to serve the remainder of his sentence for another charge of robbery.

MARTINEZ is also wanted to stand trial in New York State for felony criminal charges including murder, attempted murder, robbery, assault, criminal possession of a weapon and related charges.

The Embassy considers the information submitted with its Diplomatic Note no. 1870 of February 8, 1995, regarding the provisional arrest of MARTINEZ, as part of this extradition request. A copy of the Embassy's Note is enclosed.

LUIS MARTINEZ aka RICHARD ISASI is subject of a superseding indictment issued by the Supreme Court of Queens County, New York, on February 21, 1995 (docket number 345/95). He is charged with: (a) six counts

murder, (b) one count of murder in the second
degree, in violation of NYPL Sec. 125.25-2 (murder
resulting from recklessly engaging in conduct which
evidences a depraved indifference to human life); (c)
six counts of murder in the second degree in
violation of NYPL Sec. 125.25-3 (causing a murder
during the course of a felony, to wit: a robbery),
(d) one count of attempted murder in the second
degree in violation of NYPL Sec. 11/125.25-1
(intentional murder); (e) five counts of robbery in
the first degree in violation of NYPL Sec. 160.15-1
(robbery in the course of which a death is caused);
(f) five counts of robbery in the first degree in
violation of NYPL Sec. 160.15-2 (armed robbery); (g)
one count of robbery in the second degree in
violation of NYPL Sec. 160.10-1; (h) one count of
assault in the first degree in violation of NYPL Sec.
120.10; (i) one count of assault in the first
degree in violation of NYPL Sec. 120.10-3; (j) one
count of assault in the first degree in violation of
NYPL Sec. 120.10-4; (k) one count of criminal
possession of a weapon in the second degree in
violation of NYPL Sec. 265.03; (l) one count of
criminal possession of a weapon in the third degree
in violation of NYPL Sec. 265.02-4; (m) one count of
criminal possession of a weapon in the fourth degree
in violation of NYPL Sec. 265.01-2.

The facts in this case indicate that in the
ly morning hours of Saturday, January 7, 1995, the
es of Arlex Dejesus Calle-Soto, Pablo Antonio
lla ava-Calle, Carla Lopez, Paola Lopez, Melinda
ynns, and Maria Esperanza Ramirez were found shot
nd/or stabbed to death in the second floor apartment
ocated at 25-34 120th Street in the College Point
rea of Queens County, New York.

Police were led to the apartment by a note
ritten by a witness known to the Queens County
istrict Attorney's Office.

The seventh victim of the massacre, who survived
he attack despite being shot in the head and having
r throat slashed, revealed to detectives that on
e above date and location, three men, later
tified by the victim, through photographs, as
RD ISASI aka LUIS MARTINEZ, Saul "Cuba" Angulo,
rique Rodriguez were present in the apartment
th a nine millimeter handgun and at least one
knife.

All three men repeatedly asked where the money
was and removed jewelry from the five female
victims. ISASI aka MARTINEZ, and Angulo then
systematically shot the six persons who died and the

Murder, assault, robbery and possession of a weapon are covered by Article 2(1) of the Extradition Treaty between United States and Mexico, and by items 1, 2, 7 and 19 respectively, of its Appendix.

In support of this request for the extradition of MARTINEZ, the Embassy has the honor to transmit under the cover of this note the required documents and translations.

If the Government of Mexico accedes to this request, the Embassy would appreciate being informed as to where and when the authorities of the United States might take custody of MARTINEZ.

The Embassy of the United States of America avails itself of this opportunity to renew to the Secretariat of Foreign Relations the assurances of its highest consideration.

Enclosures:

Supporting documents and Spanish translation.

Embassy of the United States of America,
    Mexico City, April 10, 1995.

UNCLASSIFIED

RELEASED IN FULL

No. 1870

The Embassy of the United States of America presents
its compliments to the Secretariat of Foreign Relations
and has the honor to request the provisional arrest of
LUIS MARTINEZ also known as (aka) RICHARD ISASI, aka
GEORGE L. ORTIZ, aka VETERAN FALCO, aka LUIS MARTINO,
under the terms of the Extradition Treaty between the
United States of America and the United Mexican States
signed on May 4, 1978.

MARTINEZ, who is wanted in order to stand trial for
robbery and to serve the remainder of his sentence for
another charge of robbery, is subject of indictment number
90-08-1240I, filed on May 1, 1990, in Hudson County, New
Jersey. He was charged with one count of robbery, in
violation of New Jersey Statute 2C:15-1. A warrant for
MARTINEZ' arrest was issued on June 12, 1990 by the above
Court.

In the second case, MARTINEZ is wanted by the state
of New Jersey to serve the reminder of his sentence
following his conviction on the charge of robbery.
MARTINEZ is also subject of indictment no. 18-13-05-90,
issued by the Hudson County Superior Court, Jersey City,
New Jersey on August 27, 1990, charging him with: a) two
counts of armed robbery, in violation of New Jersey
Statute 2C:15-1; b) two counts of possession of a weapon

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: H E BOVIS
DATE/CASE ID: 12 APR 2006  200504385

UNCLASSIFIED

UNCLASSIFIED

. 2 .

for unlawful purposes, in violation of New Jersey Statute 2C:39-4A; c) two counts of unlawful possession of a weapon, in violation of New Jersey Statute 2C:39-5B; and d) one count of robbery, in violation of New Jersey Statute 2C:15-1.

MARTINEZ pled guilty to the charge of robbery and on February 22, 1991, he was sentenced to 5 to 15 years. He was designated to serve his sentence at the Southern State Correctional Facility in New Jersey. He began to serve his sentence, during the course of which he was allowed to participate in a work release program. MARTINEZ escaped from the work release program on December 13, 1994.

Another warrant for MARTINEZ' arrest was issued on December 13, 1994, by the superintendent of the New Jersey Department of Corrections for MARTINEZ to serve the remaining portion (up to eleven years) of his sentence for the above crimes.

The facts of the first case indicate that on March 14, 1989, MARTINEZ robbed Jacqueline Orellano at gunpoint in Union City, New Jersey. The robbery took place at the offices of the Delgado Travel Agency in Union City.

The facts of the second case indicate that on July 9, 1990, MARTINEZ, posing as a hitchhiker, was picked up by a truck driver who was transporting a tractor trailer containing cosmetics. Once inside the cab of the truck, MARTINEZ hijacked the tractor trailer at gunpoint and handcuffed the driver to a tree. The value of the goods in the truck was approximately $353,000 dollars. MARTINEZ was arrested later that day while driving the truck to an unknown destination. MARTINEZ was still in possession of a weapon when arrested.

UNCLASSIFIED

. 3

Pursuant to Article 19 of the Extradition Treaty, the Embassy requests that the Government of Mexico confiscate all articles and property in the custody of MARTINEZ at the time of his arrest and that same be surrendered to U.S. law enforcement authorities. Confiscated items may be material evidence in the prosecution of this case.

Provisional arrest is covered by Article 11 of the Extradition Treaty between the United States and Mexico. Robbery offenses are covered by Article 2(L) of the Treaty and by Item 7 of the Appendix to the Treaty.

MARTINEZ was born on August 24, 1954, in Cuba. He is described as white, 5'11" tall, weighing 160 lbs, with black hair and brown eyes. MARTINEZ has a scar across the bridge of his nose.

MARTINEZ is believed to be currently located in Mexico.

The Embassy would appreciate being notified as soon as its request for provisional arrest takes effect, so that it may present a formal extradition request with the required documentation within the time limit specified by the Treaty.

The Embassy of the United States of America avails itself of this opportunity to renew to the Secretariat of Foreign Relations the assurances of its highest consideration.

Embassy of the United States of America,
    Mexico City, February 8, 1995.



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

*United States Attorney's Office*
*225 Cadman Plaza East*
*Brooklyn, New York 11201*

February 6, 1995

## REQUEST FOR PROVISIONAL ARREST IN MEXICO

### IDENTIFICATION OF FUGITIVE

Name (Include Aliases): <u>Luis Martinez, a/k/a Richard Isasi,
a/k/a George L. Ortiz, a/k/a Veteran Falco, a/k/a Luis Martino</u>

Country of Citizenship: <u>Cuba</u>

Date of Birth: <u>8/24/54</u>    Place of Birth: <u>Cuba, City Unknown</u>

Race: <u>Unknown</u>    Sex: <u>Male</u>

Height: <u>5'11"</u> Weight: <u>160 Lbs.</u> Hair Color: <u>Black</u> Eye Color: <u>Brown</u>

Scars/Other Characteristics: <u>Scar accross bridge of nose; may
have tattoo on arm</u>

Passport No.: <u>UNKNOWN</u>    Date and Place Issued: _____

Driver License No.: <u>UNKNOWN</u> _____

If already in custody in Foreign Country, Charges and
Anticipated Date of Release: _____

### I.   CHARGING DOCUMENTS

### CHARGE #1

Check One:  Indictment <u>XX</u>  Superseding Indictment __  Complaint _

Number: <u>90-08-1240I</u> Date Filed: <u>5/1/90</u> _____

Name and Location of Court: <u>Passaic County Superior Court,
Passaic, New Jersey</u>

State or Federal District requesting Extradition:  <u>New Jersey</u>

List Criminal Offense(s), Numer of Counts and Statute(s)
Violated: <u>Robbery (1 Count, New Jersey Statutes 2C15-1)</u>



2

2

## CHARGE #2

Check One:  Indictment __XX__  Superseding Indictment __  Complaint _

Number: __18-13-05-90__ Date Filed: __8/27/90_____

Name and Location of Court: __Hudson County Superior Court, Jersey City, New Jersey__

State or Federal District requesting Extradition: __New Jersey__

List Criminal Offense(s), Numer of Counts and Statute(s)
Violated: __Armed Robbery (2 Counts, N.J. Statutes 2C:15-1), Possession of a Weapon for Unlawful Purposes (2 Counts, N.J. Statutes 2C:39-4A; Unlawful Possession of a Weapon (2 Counts, New Jersey Statutes 2C:39-5B); Robbery (1 Count, N.J. Statutes 2C:15-1)__

## II.  ARREST WARRANTS

## CHARGE #1

Date Issued:  __6/12/90__

Issued By (Name and Title): __Superior Court Judge, New Jersey Superior Court, Hudson County__

Wanted in the U.S. to:  __XX__  Stand Trial  ____ Serve Sentence
                         ____ For Sentencing ____  Serve
                                                   Remaining
                                                   Sentence

## CHARGE #2

Date Issued:  __12/13/94 (For escape from work release)__

Issued By (Name and Title): __Superintendent, New Jersey Department of Corrections__

Wanted in the U.S. to:  ____  Stand Trial  ____ Serve Sentence
                         ____ For Sentencing __XX__  Serve
                                                   Remaining
                                                   Sentence

## III.  STATUTE OF LIMITATIONS

The undersigned verifies that applicable statute of limitations does not bar prosecution of the subject offenses.

3

4

## V.  AUTHORIZATION

Name, title, address, telephone number and signature of prosecutor authorizing extradtion request, committing to preparing the formal extradition rquest within the specified timeframe and agreeing to accept responsibility for the costs of extradition:

The U.S. Attorney's Office for the Eastern District of New York has been asked by the Hudson County Prosecutor's Office and the New Jersey Department of Corrections to seek a provisional arrest warrant for the defendant's arrest. Because the provisional arrest is likely to assist the Queens County District Attorney's Office in an unrelated matter, the Queens County District Attorney's Office has agreed to prepare the extradition documents, and to cover the cost of that prepartion the extradition of the defendant. The U.S. Attorney's Office in the Eastern District of New York agrees to coordinate the timely filing of extradition documents.

## VI.  MISCELLANEOUS

The D.E.A. agents in Mexico who will be coordinating with the Mexican authorities with respect to the execution of the provisional arrest request are A.S.A.C. Tom Telles, and Group Supervisor Yvette Torres. Please advise the Mexican authorities to contact them once the provisional arrest request is received.

Eric Friedberg
Chief, Narcotics Unit
Eastern District of New York

4

## IV.  FACTS OF THE CASE

### CHARGE #1

On or about March 14, 1989, in the City of Union City, the defendant robbed Jacqueline Orellano at gunpoint at Delgado Travel Agency in Union City.  The defendant was indicted by a grand jury in Hudson County on May 1, 1990.  A bench warrant issued for the defendant on the indictment on June 12, 1990.

### CHARGE #2

On or about July 9, 1990, the defendant posing as a hitchhiker, was picked up by a truck driver who was transporting a tractor trailer of cosmetics.  Once inside the truck's cab, the defendant hijacked the tractor trailer at gunpoint and handcuffed the driver to a tree.  The value of the goods in the truck was approximately $353,000.  The defendant was arrested later that day, driving the truck to an unknown destination.  The defendant was in possession of a weapon.  The defendant pled guilty to a charge of robbery, and was sentenced on February 22, 1991 to an indeterminate sentence of 5 to 15 years.  He was designated to serve his sentence at the Southern State Correctional Facility in New Jersey.  He began to serve his sentence, during the course of which he was allowed to participate in a work release program. The defendant escaped from the work release program on December 13, 1994.  A warrant issued for his re-arrest on December 13, 1994.



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

United States Attorney's Office
225 Cadman Plaza East
Brooklyn, New York 11201

February 21, 1995

## REQUEST FOR PROVISIONAL ARREST IN MEXICO

### IDENTIFICATION OF FUGITIVE

Name (Include Aliases): <u>Luis Martinez, a/k/a Richard Isasi, a/k/a George L. Ortiz, a/k/a Veteran Falco, a/k/a Luis Martino</u>

Country of Citizenship: <u>Cuba</u>

Date of Birth: <u>8/24/54</u>   Place of Birth: <u>Cuba, City Unknown</u>

Race: <u>Unknown</u>   Sex: <u>Male</u>

Height: <u>5'11"</u> Weight: <u>160 Lbs.</u> Hair Color: <u>Black</u> Eye Color: <u>Brown</u>

Scars/Other Characteristics: <u>Scar accross bridge of nose; may have tattoo on arm</u>

Passport No.: <u>UNKNOWN</u>   Date and Place Issued: _____

Driver License No.: <u>UNKNOWN</u>

If already in custody in Foreign Country, Charges and Anticipated Date of Release: _____

### I.   CHARGING DOCUMENTS

Check One: Indictment <u>XX</u>  Superseding Indictment ___  Complaint ___

Number: _____ Date Filed: <u>2/14/95</u>

Name and Location of Court: <u>Supreme Court, Queens County, New York</u>

State or Federal District requesting Extradition: <u>New York</u>

List Criminal Offense(s), Numer of Counts and Statute(s) Violated: <u>Six counts of murder in the second degree, in violation of New York Penal Law Section 125.25-1 (Intentional Murder); six counts of murder in the second degree, in violation of New York Penal Law Section 125.25-2 (murder resulting from recklessly engaging in conduct which evidences a depraved</u>

6



2

indifference to human life); six counts of murder in the second degree, in violation of New York Penal Law Section 125.25-3 (causing a murder during the course of a felony, to wit: a robbery); one count of attempted murder in the second degree, in violation of New York Penal Law Sections 110 and 125.25-1); five counts of robbery in the first degree, in violation of New York Penal Law Section 160.15-1 (robbery in the course of which a death is caused); five counts of robbery in the first degree, in violation of New York Penal Law Section 160.15-2 (armed robbery); one count of robbery in the second degree, in violation of New York Penal Law Section 160.10-1; one count of assault in the first degree, in violation of New York Penal Law Section 120.10-1; one count of assault in the first degree, in violation of New York Penal Law Section 120.10-3; one count of assault in the first degree, in violation of New York Penal Law Section 120.10-4; one count of criminal possession of a weapon in the second degree, in violation of New York Penal Law Section 265.03; one count of criminal possession of a weapon in the third degree, in violation of New York Penal Law Section 265.02-4; one count of criminal possession of a weapon in the fourth degree, in violation of New York Penal Law Section 265.01-2.

## II.   ARREST WARRANTS

Date Issued:   2/14/95

Issued By (Name and Title):   Clerk of the Court, Supreme Court of the State of New York, County of Queens

Wanted in the U.S. to:   XX__   Stand Trial   ____   Serve Sentence
                         ____   For Sentencing   ____   Serve Remaining Sentence

## III.   STATUTE OF LIMITATIONS

The undersigned verifies that applicable statute of limitations does not bar prosecution of the subject offenses.

## IV.   FACTS OF THE CASE

In the early morning hours of Saturday, January 7, 1995, the bodies of Arlex DeJesus Calle-Soto, Pablo Antonio Villanueva-Calle, Carla Lopez, Paola Lopez, Melinda Wynns and Maria Esperanza Ramirez were found shot and/or stabbed to death in the second floor apartment located at 25-34 120th Street in the College Point section of Queens County, New York.

Police were led to the apartment by a note scrawled by a witness known to the Queens County District Attorney's Office, a seventh victim of the massacre, who survived the attack,

7

3

despite being shot in the head once and having her throat slashed.

This surviving victim revealed to Detectives that on the above date and location, three men, later identified by the victim through photographs as Richard Isasi, Saul "Cuba" Angulo and Enrique Rodriguez were present in the apartment with a loaded 9mm firearm and at least one knife. All three perpetrators repeatedly asked where the money was. Moreover, the three perpetrators demanded and removed jewelry from the five female victims. Isasi and Angulo then systematically shot the six decendants and the surviving victim and Rodriguez slashed the throats of at least one of the victims.

When the three perpetrators left the surviving victim for dead and were in another room in the apartment, she opened the second floor window, jumped off the terrace and summoned the help of a neighbor who called the police.

V.    **AUTHORIZATION**

Name, title, address, telephone number and signature of prosecutor authorizing extradtion request, committing to preparing the formal extradition request within the specified timeframe and agreeing to accept responsibility for the costs of extradition:

The U.S. Attorney's Office for the Eastern District of New York has been asked by the Queens County District Attorney's Office to seek a provisional arrest warrant for the defendant's arrest. The Queens County District Attorney's Office has agreed to prepare the extradition documents, and to cover the cost of that prepartion and the cost of the extradition of the defendant. The U.S. Attorney's Office in the Eastern District of New York agrees to coordinate the timely filing of the extradition documents.

Eric Friedberg
Chief, Narcotics Unit
Eastern District of New York

8

UNCLASSIFIED

RELEASED IN FULL

No. 1533

The Embassy of the United States of America presents its compliments to the Secretariat of Foreign Relations of the United Mexican States and has the honor to refer to the Extradition Treaty between the United Mexican States and the United States of America of May 4, 1978. The Embassy also refers to Diplomatic Note no. 1906 dated April 10, 1995, with which the Embassy formally requested the extradition of LUIS MARTINEZ, also known as (aka) RICHARD ISASI, aka GEORGE L. ORTIZ, aka VETERAN FALCO, aka LUIS MARTINO.

The Secretariat, by means of note 8377, dated August 15, 1995, informed the Embassy of its agreement to extradite MARTINEZ for prosecution before the Supreme Court for the County of Queens, New York, case no. 845/95, dated February 21, 1995. In accordance with Article 15 of the Extradition Treaty, the Government of Mexico expressed the desire to delay the extradition of Luis Martinez until he has served seven years in Mexico for the crime of rape.

The Embassy believes that the immediate prosecution of MARTINEZ in the United States is crucial, because the only eyewitness to the brutal murders of which MARTINEZ is accused, was seriously

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: H E BOVIS
DATE/CASE ID: 12 APR 2006  200504385

UNCLASSIFIED

. 2 .

wounded during this incident and will soon be
unavailable to provide testimony against MARTINEZ.
Without this testimony, MARTINEZ may escape
responsibility for his involvement in these heinous
crimes. Therefore, and in accordance with the
procedures suggested by the Government of Mexico, and
in the spirit of cooperation that has characterized
United States-Mexico law enforcement efforts, the
Embassy proposes that MARTINEZ be temporarily
transferred to the United States in order to be
prosecuted for the crime which has given rise to his
extradition request. After the trial, MARTINEZ will
be returned to Mexico to finish serving his sentence
for rape. At the completion of MARTINEZ' sentence
for rape, he would be extradited to the United
States, as described in note 8377 of August 15, 1995.

Accordingly, the United States Government
informs the Government of Mexico that it will:

A)  Take custody of MARTINEZ at the place, date
and time established by Mexican authorities;

B)  Immediately thereafter, deliver custody of
MARTINEZ over to the State of New York to be
prosecuted in case no. 845/95, dated February 21,
1995 before the Supreme Court of the County of
Queens, New York.

UNCLASSIFIED

. 3 .

C)  Assure that the authorities for the State of
New York maintain MARTINEZ in custody in compliance
with court orders, during his temporary stay in the
United States;

D)  Once MARTINEZ' trial and appeals have
concluded, secure the custody of MARTINEZ from the
State of New York for the purpose of returning him to
Mexican authorities to complete his sentence for
rape; and

E)  Use its best efforts, and all available
legal mechanisms, to effect the transfer of detained
or sentenced prisoners from the United States to
Mexico, when on the basis of reciprocity, the
Government of Mexico requests temporary surrender in
cases mutually agreed to be exceptional because of
the unquestionable likelihood that those accused of
heinous crimes will otherwise escape prosecution for
serious crimes allegedly perpetrated in Mexico.

The Embassy of the United States of America
avails itself of this opportunity to renew to the
Secretariat of Foreign Relations the assurances of
its highest consideration.

Embassy of the United States of America,

    Mexico City, May 3, 1996.

UNCLASSIFIED

DEPARTMENT OF JUSTICE
OFFICE OF INTERNATIONAL AFFAIRS
CRIMINAL DIVISION
1400 NEW YORK AVENUE, NW
SUITE 5100 — BOND BLDG.
WASHINGTON, DC 20005



PHONE NUMBER: 202-514-0000
FAX NUMBER:   202-514-0080

DATE: 2-26-96

TO: Jim Kiefer

FROM: Mike Heineman

SUBJECT: Parole Request for Luis Martinez (Cuban citizen)

MESSAGE:

Jim: Attached is a parole request for Cuban citizen ~~Luis~~ Luis Martinez to be returned to New York state for numerous charges - including 6 counts of murder. Everybody up to + including AG Reno has been trying to get the Mexicans to return Martinez ASAP before the survivor to the killings is unable to testify.

We don't have the travel plans yet - but we are submitting this now because the return will probably take place immediatly after the Mexican President approves it (probably in the middle of the night) Please call me on 616-0548 w/ any questions.

TOTAL NUMBER OF PAGES (INCLUDING THIS ONE): 3

TRANSMITTED BY: _____

**U. S. Department of Justice**

*Office of International Affairs*
*Bond Building, 5th Floor*
*1400 New York Avenue, N.W.*
*(202) 514-0000*

FFT:RLY:MBT:MCH
95-100-

---

*Washington, D.C. 20530*

March 13, 1996

MEMORANDUM

TO:       Doris Meissner
           Commissioner
           Immigration and Naturalization Service

ATTN:     Jim Kiefer
           Assistant Commissioner
           Refugee, Asylum and Parole

FROM:     Frances Fragos Townsend
           Director
           Office of International Affairs

           Rex L. Young
           Deputy Director
           Office of International Affairs

SUBJECT:  **Parole of Luis Martinez, a/k/a Richard Isasi,**
           **a/k/a George L. Ortiz, a/k/a Veteran Falco,**
           <u>**a/k/a Luis Martino into the United States**</u>

    We request the parole into the United States of Luis
Martinez, a Cuban citizen who is wanted to stand trial in Queens
County, New York, for charges of second degree murder, attempted
murder, robbery, assault, and criminal possession of a weapon.
Luis Martinez is the subject of a superseding indictment issued
by the Supreme Court of Queens County, New York, on February 21,
1995 (docket number 845/95). The superseding indictment charges
Luis Martinez with six counts (counts 1-6) of murder in the
second degree in violation of New York Penal Law section 125.25-1
(Intentional murder); six counts (counts 7-12) of murder in the
second degree in violation of New York Penal Law section 125.25-2
(Murder resulting from recklessly engaging in conduct which
evidences a depraved indifference to human life); six counts
(counts 13-18) of murder in the second degree in violation of New
York Penal Law section 125.25-3 (Causing a murder during the
course of a felony, to wit: a robbery); one count (count 19) of
attempted murder in the second degree in violation of New York
Penal Law section 110/125.25-1 (Intentional murder); five counts
(counts 20-24) of robbery in the first degree in violation of New
York Penal Law section 160.15-1 (Robbery in the course of which a
death is caused); five counts (counts 25-29) of robbery in the
first degree in violation of New York Penal Law section 160.15-2

(Armed robbery); one count (count 30) of robbery in the second degree in violation of New York Penal Law section 160.10-1; One count (count 31) of assault in the first degree in violation of New York Penal Law section 120.10-1; One count (count 32) of assault in the first degree in violation of New York Penal Law section 120.10-3; One count (count 33) of assault in the first degree in violation of New York Penal Law section 120.10-4; One count (count 34) of criminal possession of a weapon in the second degree in violation of New York Penal Law section 265.03; One count (count 35) of criminal possession of a weapon in the third degree in violation of New York Penal Law section 265.02-4; And one count (count 36) of criminal possession of a weapon in the fourth degree in violation of New York Penal Law section 265.01-2.

A warrant for Martinez's arrest was issued on February 21, 1995, by the clerk of the court of the above court.

The return of Luis Martinez to the United States has been a very high priority for several months. Attorney General Reno has personally requested the assistance of the Attorney General of Mexico and other Mexican law enforcement officials in returning Luis Martinez to the state of New York as quickly as possible. Luis Martinez has been charged with committing six homicides on January 7, 1995 in the College Point section of Queens County, New York. A seventh victim of the massacre survived the attack despite being shot in the head and having her throat slashed. Returning Luis Martinez to New York has been a priority because an accomplice is scheduled to go to trial in the near future for these murders and the survivor has indicated that she will not be able to endure having to testify about her ordeal in more than one trial. Therefore it is essential that Luis Martinez be returned to New York as quickly as possible.

We do not yet have the flight itinerary for Luis Martinez's return to the United States. We anticipate that the transfer of Luis Martinez will occur immediately upon Mexico's approval of this transfer. We expect that he would enter the United States at Houston, Miami or New York. It would be greatly appreciated if you could disseminate approval of this parole request to all INS border entry points.

This request is necessary to insure that Luis Martinez will be allowed entry into the United States. Luis Martinez, a/k/a Richard Isasi, a/k/a George L. Ortiz, a/k/a Veteran Falco, a/k/a Luis Martino, is a Cuban citizen. He was born in Cuba on August 24, 1954. He is described as 5 feet 11 inches, weighing 160 pounds, with black hair and brown eyes. Luis Martinez has a scar across the bridge of his nose and may have a tatoo on an arm.

Thank you for your assistance. If you have any questions, please contact Michael Heineman, Trial Attorney, at (202) 616-0548.

# INDICTMENT NO:  845/95

SUPERCEDES IND.282/95

State of New York)
:
County of Queens )

## IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK,

## TO:  ANY POLICE OFFICER IN THE STATE OF NEW YORK, GREETING:

An indictment having been found on the................ ...........day of.........FEBRUARY, 1995........................
                                                                                21st

in the SUPREME COURT, CRIMINAL TERM, Part AA-1 of the County of Queens, charging

RICHARD ISASI

with the crime of.........MURDER 2nd(18cts),ATT MURDER 2nd ROBBERY 1st(10 cts),ASSAULT 1st(3cts),

CRIM POSS WPN 2nd,CRIM POSS WPN 3rd,CRIM POSS WPN 4th ROBBERY 2nd

## YOU ARE THEREFORE COMMANDED forthwith to arrest the above-named

RICHARD ISASI

# APPELLATE ADVOCATES

2 RECTOR STREET - 10TH FLOOR, NEW YORK, NEW YORK 10006
PHONE: (212) 693-0085    FAX: (212) 693-0878

*ATTORNEY-IN-CHARGE*
LYNN W. L. FAHEY

*ASSISTANT ATTORNEY-IN-CHARGE*
BARRY S. STENDIG

*SUPERVISING ATTORNEYS*
WINSTON MCINTOSH
DAVID P. GREENBERG
ERICA HORWITZ
PAUL SKIP LAISURE

RACHEL ALTSTEIN
SARAH J. BERGER
DENISE A. CORSI
JENNIFER K. DANBURG
DAVID L. DUNCAN
M. CHRISTOPHER FABRICANT
JOHN GEMMILL
MELISSA S. HORLICK
JACK D. JORDAN
WILLIAM G. KASTIN
WARREN S. LANDAU
BARBARA LERNER
JOSHUA M. LEVINE
REYNA E. MARDER
V. MARIKA MEIS
MICHELLE MOGAL
LISA NAPOLI
TONYA PLANK
DENICE POWELL
MAE C. QUINN
YVONNE SHIVERS
JAY L. WEINER

August 27, 2002

Mr. Richard Isasi
98-A-1899
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This is in response to your letter of August 14. Unfortunately, even after reading the letter several times, I still do not understand what you want me to do. I gather that you wrote to the District Attorney's office in Queens asking for documents relating to your extradition from Mexico and was told there are no such documents. Apparently, you do not believe that. But since it was new Jersey that undertook your extradition, this does not appear unreasonable. And as I have told you before, there was certainly nothing in your court file about your extradition.

Very truly yours,

Winston McIntosh

# APPELLATE ADVOCATES

### 2 RECTOR STREET - 10TH FLOOR, NEW YORK, NEW YORK 10006
### PHONE: (212) 693-0085    FAX: (212) 693-0878

*ATTORNEY-IN-CHARGE*
LYNN W. L. FAHEY

*ASSISTANT ATTORNEY-IN-CHARGE*
BARRY S. STENDIG

*SUPERVISING ATTORNEYS*
WINSTON MCINTOSH
DAVID P. GREENBERG
ERICA HORWITZ
PAUL SKIP LAISURE

RACHEL ALTSTEIN
SARAH J. BERGER
DENISE A. CORSI
JENNIFER K. DANBURG
DAVID L. DUNCAN
M. CHRISTOPHER FABRICANT
JOHN GEMMILL
MELISSA S. HORLICK
JACK D. JORDAN
WILLIAM G. KASTIN
WARREN S. LANDAU
BARBARA LERNER
JOSHUA M. LEVINE
REYNA E. MARDER
V. MARIKA MEIS
MICHELLE MOGAL
LISA NAPOLI
TONYA PLANK
DENICE POWELL
MAX C. QUINN
YVONNE SHIVERS
JAY L. WEINER

November 27, 2002

Mr. Richard Isasi
98-A-1899
Attica Correctional Facility
Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

Regarding your recent letter, I have already made clear that I cannot do what you ask. I have no information about the circumstances of your extradition. As I have told you, the matter was not litigated below and there is nothing about it in the file. There is nothing I can say in a brief. As for the "documents" you included with the letter, they consist of your request to the New Jersey Department of Corrections for certain documents and the Department's response that it did not have the documents. There is nothing here to review. The address of the Queens Bar Association is 90-35 148th Street, Jamaica, New York 11435.

Very truly yours,

Winston McIntosh

DEPARTMENT OF JUSTICE
OFFICE OF INTERNATIONAL AFFAIRS
CRIMINAL DIVISION
1400 NEW YORK AVENUE, NW
SUITE 5100 - BOND BLDG.
WASHINGTON, DC 20005



PHONE NUMBER: 202-514-0000
FAX NUMBER:   202-514-0080

DATE: March 14, 1996

TO: Ken Propp

FROM: Mike Heineman

SUBJECT: Martinez/Asasi Assurance

MESSAGE: 647-4802

Per your conversations with Mary, attached
please find the certification by the Governor
of New York that Martinez/Asasi will be
returned prior to serving his sentence in
New York.

TOTAL NUMBER OF PAGES (INCLUDING THIS ONE): 3

TRANSMITTED BY: MH



**STATE OF NEW YORK**
**EXECUTIVE CHAMBER**
**ALBANY 12224**

THE GOVERNOR OF THE STATE OF NEW YORK

TO THE SECRETARY OF STATE OF THE UNITED STATES

It appearing by a copy of Queens County Criminal Indictment 845/95 and allied documents, that RICHARD ISASI AKA LUIS MARTINEZ stands charged in the State of New York with the crimes of 18 counts of Murder in the Second Degree, one count of Attempted Murder in the Second Degree, 10 counts of Robbery in the First Degree, three counts of Assault in the First Degree, and one count each of Criminal Possession of a Weapon in the Second, Third and Fourth Degrees, committed on or about January 7, 1995 in Queens County, New York, and that he is now being held in the Vera Cruz Prison in the Country of Mexico, following a local conviction and sentence;

Upon the assurance that the formal extradition to return RICHARD ISASI AKA LUIS MARTINEZ to the State of New York, has been approved by the requesting and asylum jurisdictions and Countries, I hereby agree and request that RICHARD ISASI AKA LUIS MARTINEZ be returned temporarily for the purposes of disposing of the untried charges related to The State of New York verses Richard Isasi, et. al. (Indictment 845/95).

And I hereby certify that the said crimes are not offenses of a political character and that this application is made solely for the purpose of securing the temporary return of the said RICHARD ISASI AKA LUIS MARTINEZ to this State, and for his trial, sentencing and any potential appeal on said matter;

- 2 -

and not in order to enforce the collection of a debt or to avoid the penalty of a bail bond, or with a view to try to punish him for an offense of a political character, or for any private purpose whatever, and that if the application is granted, any proceedings necessary shall not be used for any of said purposes, and

Should the temporary return of RICHARD ISASI AKA LUIS MARTINEZ be granted, the terms and conditions of said temporary surrender, to wit: agreement to return prior to service of any sentence imposed, will be in all respects fulfilled and complied with and are expressly accepted; and that the costs associated with the taking and return of RICHARD ISASI AKA LUIS MARTINEZ, be paid and defrayed by the County of Queens, State of New York.



IN TESTIMONY WHEREOF, we have affixed our signature and caused the Privy Seal of the said State to be hereunto affixed, WITNESS, GEORGE E. PATAKI, Governor of our said State, at our City of Albany this 13th day of March in the year nineteen hundred ninety-six.

By the Governor

*Susan Meier*

Extradition Secretary

GOVERNOR

# CERTIFICATE OF SERVICE

Richard Isasi           Plaintiff.

      v.

Office of the Attorney General
and Office of the Deputy Attorney
General.

      Defendant's

I, _____Richard Isasi_____, hereby certify

under penalty of perjury that on _October_ _9_, _2007_, I

served by United States Mail a copy of _The Complaint With Exhibit_

_Attached, Forma Paupek's and Motion For Counsel w/ this application of Three-Judge cases_

and _Served by the Attica Legal Mail System_ at:

Clerk's Office

United States District Court For the District of Columbia.

U.S. Courthouse. 333 Constitution Avenue. N.W.

Washington. DC. 20001

Address

ac RI
File.

_R. Isasi_

Signature