### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ISASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 07-2015 (RBW) |
| | ) |
| OFFICE OF THE ATTORNEY GENERAL | ) |
| MELANIE ANN PUSTAY, Deputy Director, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### DEFENDANT'S MOTION TO CONSOLIDATE
### AND TO EXTEND ANSWER DUE DATE

Pursuant to Fed. R. Civ. P. 42(a), defendant hereby moves to consolidate this case with

*Richard Isasi v. Jones, et al.*, Civil Action No. 06-2222 (RBW).  In support of this motion,

Defendant respectfully refers the Court to the attached memorandum of points and authorities.

Because these case involve the same FOIA request and the responses, thereto, defendant also

moves for an extension of time to answer the complaint in this case to February 15, 2008, the

answer/dispositive motion due date in C.A. No. 06-2222 (RBW)

As plaintiff is a prisoner proceeding pro se, the local rule about contacting the opposing

counsel to determine whether there will be an objection to nondispositive motions is not

applicable.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI,                              )
                                            )
              Plaintiff,                    )
                                            )
       v.                                   )        Civil Action No. 07-2015 (RBW)
                                            )
OFFICE OF THE ATTORNEY GENERAL              )
MELANIE ANN PUSTAY, Deputy Director,        )
                                            )
              Defendants.                   )
                                            )
_____  )

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
## OF DEFENDANT'S MOTION TO CONSOLIDATE AND TO EXTEND

Plaintiff Richard Isasi has filed two Freedom of Information Act ("FOIA") complaints concerning the withholding of records pursuant to the same FOIA request, *i.e.*, this case and C.A. No.06-2222(RBW). Both cases allege that the Criminal Division and the Office of Information and Policy withheld documents in response to plaintiff's June 23, 2003, FOIA request. Both cases are assigned to this Court. Because the two civil actions involve common questions of law and fact, defendant moves to consolidate these cases pursuant to Federal Rules of Procedure 1 and 42, and Local Rule 40.5(d).

## I. DESCRIPTION OF THE TWO CASES

### A.  C. A. No. 06-2222 (RBW)

Civil Action Number 06-2222 (RBW) is brought pursuant to the FOIA. In his statement of facts, plaintiff asserts that the underlying FOIA request was dated June 23, 2003, and alleges that the Office of Information and Privacy ("OIP") and the Criminal Division had failed or "refused" to release records. Complaint, Statement of Facts, p. 1. On September 27, 2005, the Criminal Division released and referred documents, some of which were referred to the OIP for direct response. Plaintiff seeks those documents and others from the Executive Office for United States Attorneys, the Office of Legal Counsel and the U.S. Department of State.

### B.  C. A. No. 07-2015 (RBW)

Civil Action 04-0098 (RBW), is also brought pursuant to the FOIA. In paragraph 1 of

plaintiff's Statement of Claim, plaintiff states that "[o]n or about September 27, 2005, the U.S. Department of Justice Criminal Division responded to the plaintiff requests dated March 31, 2003 and June 3, 2003. <u>See</u> Exhibit A at P. 1." Complaint at 2. In paragraph 3 of the Statement of Claim, plaintiff states that "[o]n August 3, 2007, the Office of the Attorney General and Deputy Attorney General [OIP], responded to the Plaintiff with a final decision to Plaintiff's request. The Office agreed that [on] September 27, 2005, the Criminal Division of the Department of Justice referred my request to his office and was received by his office on October 4, 2005." <u>Id</u>.

## II. ARGUMENT

### A. Legal Standards for Consolidation

Consolidation of cases is appropriate when the actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a). The matter is one committed to the court's discretion by the plain language of the rule:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Courts have broad discretion in deciding whether cases should be consolidated. <u>See</u> <u>Santucci v. Pignatello</u>, 188 F.2d 643, 645 (D.C. Cir. 1951); <u>see also</u> <u>In re Adams Apple, Inc.</u>, 829 F.2d 1484, 1488 (9th Cir. 1987) (consolidation is within the broad discretion of the trial court); C. Wright and A. Miller, 9 Fed. Practice and Procedure, Civil § 2382 at 255, 262 (1971 & Supp. 1989) (consolidation at the pretrial stage is within the power of the court and may even be ordered sua sponte).

In determining whether to consolidate, the court is to weigh the savings of time and effort gained through consolidation against the inconvenience, delay, or expense that might result from simultaneous disposition of the separate actions. <u>See</u> <u>Waste Distillation Technology v. Pan American Resources, Inc.</u>, 775 F. Supp. 759, 761 (D. Del. 1991). "[W]here both suits arise from the same operative facts, and substantially the same witnesses are involved, consolidation is particularly appropriate and will serve the purpose of 'economy in administration.'" <u>De</u>

Figueredo v. Trans World Airlines, 55 F.R.D. 44, 46 (S.D.N.Y. 1971) (citation omitted); see also Rohm & Haas Co., 525 F. Supp. 1298, 1310 (D. Del. 1991).

    **B.  The Two Cases Should Be Consolidated**

    As set forth in Part I, the two cases share a common legal and factual background.  Both cases concern matters arising out of plaintiff's June 3, 2003, FOIA request.  C.A. No.06-2222 (RBW) encompasses the claims against the Criminal Division and the Director of Office of Information and Privacy--Melanie Pustay, the Department of Justice entity that responds for the Office of the Attorney General.  It also encompasses FOIA claims against other Department of Justice offices, such as the Office of Legal Counsel, and FOIA claims against the U.S. Department of States.  C.A. No. 07-2015, raises the same claims against the Criminal Division and the Office of Attorney General and Ms. Pustsy. That are in the earlier case.  In sum, the claims against these two entities are the same. As both suits involve the same plaintiff, the same defendants, the same factual background, allege violations of the same statute, and seek largely the same relief, consolidation should be ordered.

    Because these cases should be consolidated and addressed together, defendants also request that the due date for defendants' answer in C.A. No. 07-2015, presently set for December 14, 2007, be extended to the due date presently set for defendants' answer/dispositive motion in C.A. No. 06-2222, which is February 15, 2008.

## CONCLUSION

    For the foregoing reasons, defendants respectfully request that Civil Action Numbers 06-2222 (RBW) and 07-2015 (RBW) be consolidated.  In addition, because the answer or dispositive motion in C.A. No. 06-2222 is presently due on February 15, 2008, defendants move for an extension of the due date for their answer in C.A. No. 07-2015 until February 15, 2008.  A proposed order for the relief requested is attached.

                Respectfully submitted,

                    /s/
                JEFFREY A. TAYLOR , D.C. Bar # 498610
                United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served by First-Class Mail, postage

prepaid to:

        RICHARD ISASI
        # 98A1899
        Attica Correctional Facility
        P.O. Box 149
        Attica, NY 14011-0149

on this _____ day of December, 2007.


                                         /s/
                        _____
                        CLAIRE WHITAKER
                        Assistant United States Attorney
                        United States Attorney's Office
                        555 4th Street, N.W.
                        Room E-4204
                        Washington, D.C. 20530
                        (202) 514-7137

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICHARD ISASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2015 (RBW) |
| | ) | |
| OFFICE OF THE ATTORNEY GENERAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## ORDER

Upon consideration of defendants' motion to consolidate and motion to extend the

answer due date, and for good cause shown, it is this _____ day of _____, _____

ORDERED, that this case is consolidated with Civil Action No. 06-2222 (RBW), and it

is

FURTHER ORDERED, that the time for filing an answer or dispositive motion is

extended to February 15, 2008.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

RICHARD ISASI
# 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

CLAIRE WHITAKER
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Room E-4204
Washington, D.C. 20530