## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD ISASI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-2015 (RBW) |
| | ) | |
| OFFICE OF THE ATTORNEY GENERAL | ) | |
| MELANIE ANN PUSTAY, Deputy Director, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### DEFENDANT'S MOTION TO DISMISS CASE AS MOOT

On December 14, 2007, defendant filed a motion to consolidate this case with Richard
Isasi v. Jones, et al., Civil Action No. 06-2222 (RBW).  That motion is still pending before this
Court.

Since the filing of defendant's motion to consolidate, undersigned counsel has learned
that in connection with the briefing of Richard Issai v. Jones, et al., Civil Action No. 06-2222, a
declaration was prepared by Pamela A. Roberts, attorney for the Criminal Division, U.S.
Department of Justice ("DOJ"), which evidences that the DOJ Criminal Division released on
February 15, 2008, the only document at issue in this case to the Plaintiff, i.e., a two-page letter
from the Office of Information and Privacy ("OIP"), dated August 3, 2007.  This release was in
full, with no redactions. Ms. Roberts' Declaration is attached hereto as Attachment 1.
Accordingly, defendant withdraws its motion to consolidate and moves to dismiss this case as
moot as plaintiff has received the records that he sought from defendant in this action.

A proposed order is attached as Attachment 2.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____ /s/

CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class Mail, postage

prepaid to:

                  RICHARD ISASI
                  # 98A1899
                  Attica Correctional Facility
                  P.O. Box 149
                  Attica, NY 14011-0149

on this 14th day of March, 2008.


                                  /s/
                         CLAIRE WHITAKER
                         Assistant United States Attorney
                         United States Attorney's Office
                         555 4th Street, N.W.
                         Room E-4204
                         Washington, D.C. 20530
                         (202) 514-7137

*See HP 13-14*
*+ Ex 10←11*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD ISASI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action Nos. 06-2222 (RBW)(Lead) |
| | ) 07-2015 (RBW) |
| DEPARTMENT OF JUSTICE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF PAMELA A. ROBERTS

I, Pamela A. Roberts, declare the following to be true and correct:

1.  I am an attorney in the Criminal Division of the United States Department of
Justice assigned to the Office of Enforcement Operations.  My specific assignment at the
present time is that of trial attorney for the Division's Freedom of Information Act/Privacy
Act Unit (FOIA/PA Unit).

2.  In such capacity, my duties are, *inter alia*, to review complaints in lawsuits filed
under both the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, and the Privacy
Act (PA), 5 U.S.C. § 552a *et seq.*, and to provide litigation support and assistance to
Assistant United States Attorneys and to Department trial attorneys litigating these cases in
District Court.  In conjunction with these duties, I review processing files that have been
compiled by the paralegal processors and reviewed by supervisory paralegals and/or by the
FOIA/PA Unit Chief in responding to FOIA/PA requests received by the Unit.  I also
consult with the Unit Chief, who supervises the Unit's processing of FOIA and PA

1

*AH 1*

requests, and with the supervisory paralegals to confirm that determinations to withhold or

to release records of the Criminal Division have been made in accordance with the

provisions of both the FOIA and the PA, and with Department of Justice regulations - 28

C.F.R. § 16.1 *et seq.*

      3.  I make this declaration on the basis of information acquired through the

performance of my official duties.

## SUMMARY OF CORRESPONDENCE

      4.  By letter dated March 31, 2003, Plaintiff made a FOIA request to the

Department of Justice's Criminal Division.  Plaintiff requested the following:

> Copy of the extradition Warrant with Affidavit and all supporting papers file [sic]
> with the New Jersey authorities while I was being extradited from Mexico to New
> Jersey on February 9, 1995;
>
> All papers filed with the United States Marshall [sic] who handle the extradition
> and Order by the Mexican authorities filed also on February 9, 1995; and
>
> Any and all documentation relevant to this matter maintain [sic] with the office of
> the United States Marshall who was involved in the Transaction within the treaty of
> the United States and Mexico and whether or not the document was amended to
> include the State of New York.

Plaintiff provided his name as "Richard Isasi" or "Richard Isasi Diaz." He did not list any

additional aliases.

*See* Exhibit 1.

      5.  By letter addressed to the Plaintiff dated June 26, 2003, the Criminal Division

acknowledged receipt of Plaintiff's FOIA request on May 1, 2003, and assigned it case

number CRM-200300551P.  Plaintiff was notified that the Criminal Division would

conduct a search to determine what records the Division maintained within the scope of his

request and would notify him once the search was completed. The Criminal Division also provided Plaintiff with a list of other components within the Justice Department and other Federal agencies and suggested that he may wish to send requests to those additional offices if he had not already done so. *See* Exhibit 2.

6. By letter dated June 2, 2003, Plaintiff sent a second FOIA request to the Criminal Division. This request was similar to his first request. The request was signed "Richard Isasi" and no additional aliases were listed. *See* Exhibit 3.

7. By letter dated August 12, 2003, the Criminal Division acknowledged receipt of Plaintiff's second request and advised him that the Division was already processing a similar request from him. The Criminal Division informed Plaintiff that he would be contacted when pertinent records had been received and processed. *See* Exhibit 4.

8. In the meantime, Plaintiff filed an administrative appeal with the Office of Information and Privacy (OIP) and OIP responded to the appeal on August 11, 2003. *See* Exhibit 5. OIP explained to Plaintiff that the FOIA gives agencies twenty days to respond to requests and therefore, his appeal at that time was premature.

9. By letter dated September 27, 2005, the Criminal Division's FOIA/PA Unit responded to Plaintiff's requests of March 31, 2003 and June 2, 2003, and informed him that 24 documents (items 1-24) within the scope of his request were located and all records either required by statute, or considered appropriate as a matter of discretion would be released to him. Items 1-20 were released to Plaintiff in full and attached to the response letter. Items 21-23 were released in part and also attached to the response letter. Item 24 was withheld in full. Material was withheld pursuant to Exemptions 5, 6, 7(C) and 7(F) of

the FOIA, 5 U.S.C. § 552(b)(5), (6), (7)(C) and (7)(F). The letter also advised Plaintiff that

the Criminal Division had located documents that originated with other agencies and those

documents had been referred to those agencies for processing and a direct response to

Plaintiff. The agencies were the Executive Office for U.S. Attorneys, OIP (for documents

that were of an interest to the Office of the Attorney General and Deputy Attorney General),

the Office of Legal Counsel, and the State Department. Plaintiff was also notified of his

right to an administrative appeal. *See* Exhibit 6.

    10. On October 21, 2005, OIP acknowledged receipt of Plaintiff's administrative

appeal. OIP advised Plaintiff that there was a backlog of pending appeals and his

continuing courtesy was appreciated. *See* Exhibit 7.

    11. On September 26, 2006, OIP responded to Plaintiff's administrative appeal and

determined that item 24, which had been previously withheld pursuant to Exemption 5, 5

U.S.C. § 552(b)(5), could be released to Plaintiff in full. OIP released the document to

Plaintiff and attached a copy of the document to the release letter. OIP explained that it

was otherwise affirming, on partly modified grounds, the Criminal Division's action on his

request. OIP determined that the Criminal Division had properly withheld certain

information that is protected from disclosure under the FOIA pursuant to Exemptions 5,

7(C), and 7(F), 5 U.S.C. § 552(b)(5), (b)(7)(C), and (b)(7)(F). *See* Exhibit 8

    12. On December 13, 2007, the Criminal Division's FOIA/PA Unit provided a

supplemental response to Plaintiff. In its response, the Criminal Division explained that an

error had been made in referencing the date for item 24. It was explained that this

document was actually dated March 19, 1996, and not March 19, 1995, which was listed on

the response letter of September 27, 2005. The letter also explained that upon review it was determined that item 22, which had been released in part pursuant to Exemption 5, could now be released in full. A clean copy of item 22 was attached to the letter. *See* Exhibit 9.

## REFERRAL TO OFFICE OF INFORMATION AND PRIVACY

13. On August 3, 2007, OIP provided a response to Plaintiff regarding the documents that the Criminal Division had referred for processing. OIP released to Plaintiff all of the documents, except one document marked as item 2, totaling two pages. OIP indicated in its letter that the document was withheld pursuant to Exemption (b)(5), 5 U.S.C. § 5552(b)(5), on behalf of the Criminal Division. *See* Exhibit 10.

14. On February 15, 2008, the Criminal Division provided a supplemental response to Plaintiff. In its letter, the Criminal Division explained to Plaintiff that item 2 was being released to him in full based on a subsequent review of the document and a review of other documents that had been released to Plaintiff. *See* Exhibit 11.

## REFERRALS FROM THE DEPARTMENT OF STATE

15. On January 28, 2008, the U.S. Department of State referred two documents to the Criminal Division marked L2 and L10. The documents originated with the Department of State but contained information that appeared to be of interest to the Criminal Division. The Criminal Division recommended release of the documents with excisions to remove the name of the Legal Attache and the names of third party suspects pursuant to Exemptions 6 and 7(C).

16. On January 29, 2008, the U.S. Department of State referred three documents to

the Criminal Division for processing and direct response to Plaintiff. The Criminal Division reviewed the documents and, by letter dated February 13, 2008, released the three documents to Plaintiff in full. *See* Exhibit 12.

## CRIMINAL DIVISION'S SEARCHES FOR RESPONSIVE RECORDS

17. In processing requests from individuals seeking information on themselves, the Criminal Division begins by searching its centralized records index, JUSTICE/CRM-001 (Central Criminal Division Index File and Associated Records). When a search of this Central Index reflects responsive, or potentially responsive records, a search for such records is sent to the section identified as having custody of the records.

18. In the present matter, a search for Plaintiff's records in the JUSTICE/CRM-001 Privacy Act system of records was undertaken on August 4, 2003, using the names "Richard Isasi" and "Richard Isasi Diaz." The search revealed records maintained by the Office of International Affairs for Plaintiff under the names "Richard Isasi, Luis Martinez, George Ortiz, and Luis Martino."

19. The Criminal Division's FOIA Unit forwarded a request to the Office of International Affairs on August 4, 2003, attaching a copy of Plaintiff's request and requested that all records and file systems in their office be searched. Designated personnel employed by the pertinent section undertakes a search for responsive materials and reports results by means of individual signed forms to the Criminal Division's FOIA/PA Unit. Searches for responsive materials are to be undertaken in the same manner

6

as if the Criminal Division were seeking the information for its own, official purposes. [1]

On October 7, 2003, the Office of International Affairs responded to the request indicating that it did not have a record within its office but a file was maintained in the records center. The records were forwarded to the Criminal Division's FOIA Unit.

20. I have personally reviewed the original, signed search response in this case, and have verified that the only file located for Plaintiff was reviewed and processed.

21. It was recently brought to my attention that Plaintiff did have several aliases and although a search of files under his own name revealed some of the aliases there was an additional alias that had not been searched. Therefore, a full search was conducted for each of Plaintiff's aliases as follows: Luis Martinez, George L. Ortiz, Veteran Falco, and Luis Martino. Aside from the file maintained by the Office of International Affairs, no additional files or records were located matching the district and dates described in Plaintiff's request.

## EXPLANATION OF EXEMPTIONS

22. The documents initially withheld from disclosure were pursuant to Exemptions 5, 6, 7(C) and 7(F), 5 U.S.C. §§ 552(b)(5),(6), 7(C), and 7(F). The Criminal Division and OIP subsequently released all information that had previously been withheld pursuant to Exemption 5. *See* Exhibit 8, Exhibit 9 and Exhibit 11. The justification for the remaining

---

[1]Unlike the Federal Bureau of Investigation or the Federal Bureau of Prisons, the Criminal Division assigns no special identification numbers to individuals. Nor does it maintain files based on social security numbers. Nor does it maintain any field offices outside the Washington, D.C. area. Finally, unlike certain other law enforcement components, the Criminal Division maintains no separate "see reference" or "cross-reference" files requiring separate searches.

exemptions is explained below.

## Exemptions 6 & 7(C)

23. FOIA exemptions 6 and 7(C) permit the withholding of:

(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ...

      (C)     could reasonably be expected to constitute an unwarranted invasion of personal privacy ...

5 U.S.C. §§ 552(b)(6) and (7)(C).

24. FOIA Exemption 6 protects personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes, production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

25. Exemptions 6 and 7(C) each require a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

26. Pursuant to Exemptions 6 and 7(C), the Criminal Division's FOIA/PA Unit withheld:

1. From Item 21 - the name, fax number of the U.S. Marshals Service and two names of the

employees of the Office of International Affairs. [2]

2. From Item 23 - the names of two DEA Agents.

3. From State Department Documents marked L-2 and L-10 - the name of the Legal Attache and the names of third-party suspects.

27. The individuals whose identities were withheld, as set forth above, were not the requester, nor the names of government attorneys, state or federal.

28. The items referenced in paragraph 24 above, were compiled to extradite Plaintiff, who was a fugitive, back to the United States. The Office International Affairs, a component of the Office of Enforcement Operations, oversees the extradition of international fugitives. Here, Plaintiff had been convicted of robbery in 1991. Plaintiff fled the United States and was eventually located in Mexico. As such, the records here clearly meet the threshold requirement of FOIA Exemption 7 of "records or information complied for law enforcement purposes."

29. The individuals whose identities have been protected all maintain a substantial privacy interest in not being identified with a criminal law enforcement investigation. Identifying individuals being associated with criminal investigations can subject them to innuendo, embarrassment, and stigmatization or even harassment, retaliation and reprisals.

30. On the other hand, revealing such information is unlikely to add to the public's

---

[2] The Criminal Division had invoked Exemptions 6 and 7(C) to remove the names of employees of the Office of International Affairs on Item 21. It has subsequently been determined that these names can be released. One employees's name is Maju D. Mattamal and a second name is designated as "el Guapo."

9

understanding of how an agency works or how well it performs its statutory duties.[3]  On

balance, the FOIA/PA Unit determined that the substantial privacy interest that is protected

by withholding this information outweighs any minimal public interest that would be

served by its release.  Such disclosure would be "clearly unwarranted" as required by 5

U.S.C. § 552(b)(6).  Since this is the higher of the two standards of invasion of privacy, the

release of this information also would be "unwarranted" as required by 5 U.S.C. §

552(b)(7)(C).

### Exemption 7(F)

31.  FOIA Exemption 7(F) authorizes the withholding of:

(7)    records or information complied for law enforcement purposes, but only to
the extent that the production of such law enforcement records or
information ...

(F)    could reasonably be expected to endanger the life or physical safety
of any individuals ...

5 U.S.C. § 552(b)(7)(F).

32.  Pursuant to Exemption 7(F), the Criminal Division's FOIA/PA Unit withheld:

From item 23- the names of two DEA agents.

33.  The Criminal Division withheld the names of two DEA agents who were

involved in the criminal investigation of Plaintiff.  These agents, as explained above, have a

reasonable expectation of privacy in their identities.  There is no indication that Plaintiff is

---

[3]Official information that sheds light on an agency's performance of its statutory duties
falls squarely within the statutory purpose of the FOIA.  That purpose is not fostered, however,
by disclosure of information about private citizens that reveals little or nothing about an agency's
own conduct. *See United States Department of Justice v. Reporters Committee for Freedom of
the Press*, 489 U.S. 748, 773, 109 S.Ct. 1468, 1481-82 (1989).

aware of the names of these individuals. Based on the nature of their work, it is reasonable to conclude that the release of their identities could expose them to physical harm from those outside of the law enforcement community.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: *Feb. 15, 2008*

*Paula A. Roberts*

PAMELA A. ROBERTS

PA 20030055 FOIA

MAY 8 2003

Richard Isasi, # 98-A-1899
Attica Correctional Facility
Attica, New York 1401-0149

freedom of information officer
FOIA/ PA Referral Unite
Justice Management Division
U.S. Department of Justice\Washington, D.C.20530-0001

RE     This is a request Pursuant to the Freedom of Information Act
       (FOIA), 5th Amendment § 552 And the Privacy Act § 552 a.

Dear Sir/Madam

       I respectfully submit herein this letter of request to your most Honorable office seeking the

following information:

       1.     Copy of the extradition Warrant with Affidavit and all supporting papers file with the

New Jersey authorities while I was being extradited from Mexico to New Jersey on February 9, 1995.

       2.     All papers filed with the United States Marshall who handle the extradition and Order

by the Mexican authorities filed also on February 9,1995.

       3.     Any and all documentation relevant to this matter maintain with the office of the

United States Marshall who was involved in the Transaction within the treaty of the United States and

Mexico and whether or not the document was amended to include the State of New York.

       .      as You know, the freedom of information act provides that if portions of a document are

exempt from release, the remainder portion of the documents must segregated and disclosed.

Therefore, I will expect you to send me all nonexempt portions of the records which I have requested,

                                                                    EXHIBIT 1

and ask that you justify any deletions with reference to specific exemptions of FOIA. The information requested is not to be used for commercial benefits, so I do not expect to be charged fees for your review of the materials to see if it falls with one of FOIA's exemption.

Please to advise me of the expense for copies I requested before filling the requested documents. The freedom of Information Act, law requires that an agency respond to a request within five (5) business days of receipt of a request. Therefore, I would appreciate a response as soon as possible . However if for any reason any portion of my request is denied, please inform me of the reason why in writing

dated: Attica, New York
      March 31, 2003

                                        Respectfully submitted

                                        *R Isasi*

                                        Richard Isasi,# 98-A-1899
                                        AtticaCorrectional Facility
                                        Attica, New York 14011-0149

Cc: self filed
RI/ri
dated 4/31/03

DATE OF BIRTH .
SOCIAL # .
PLACE OF BIRTH .

U.S. Department of Justice　　　　　**Certification of Identity** 

---

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]　_RICHARD ISASI DIAZ_

Citizenship Status [2]　_RESIDENT_　Social Security Number [3]　█████████

Current Address　_Attica Corr Fac. Box 149 Attica. N.Y. 14011_

Date of Birth　████████　Place of Birth　_HABANA - CUBA_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]　_R Isasi_　　Date　_MAY 1 - 2003_

---

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

---

**Print or Type Name**

---

[1] Name of individual who is the subject of the record sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ldb
Typed: 6/20/03

JUN 26 2003

CRM- 200300551P

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
Box 149
Attica, NY  1401-0149

Dear Mr. Isasi:

    This is to acknowledge receipt of your letter of
May 1, 2003, requesting records of the Criminal Division under
the Freedom of Information Act (FOIA).  This request has been
assigned file number 200300551P.  Please refer to this number in
any future correspondence with this Unit.

    We will conduct a search to determine what records (if any)
we have that are within the scope of your request.  Once we have
completed our search, we will notify you as to our disposition of
your request.  Please note that this search will encompass only
Criminal Division records.

    Please be advised that this Office processes only records
maintained by the Criminal Division of the United States
Department of Justice.  Your request also seeks information
maintained by one or more other components of the Justice
Department, or other Federal agencies.  The enclosed list
contains the addresses of other offices to which you may wish to
send requests, if you have not done so already.  We have
highlighted any office you have mentioned specifically.

    If you have any questions regarding the status of this
request, you may contact Denise Kennedy on 202-616-0307.

                    Sincerely,

                    Thomas J. McIntyre, Chief
                    Freedom of Information/Privacy Act Unit

                         EXHIBIT 2

**FILE COPY**

FOI 200300690
Richard Isasi
98A1899
Attica Corr Fac.
Box 149
Attica, N.Y. 14011.

Chief, FOIA/PA United.
U.S. Dept of Justice.                    June 2, 2003
Criminal Division.
Office of International Affairs.

JUN 11 2003

       Dear, Sir or His
,

    Re: ~~████████████████~~

        People v Isasi  Ind # 845/95.

    Please be advised. Pursuant to Article Six (6)
Section 89 Subb 3, As amended of The public
officers' Law, Upon receipt of Written
Resquest Kindly provide or make available
To me The following Records, Post, viz:

1  Copy of Extradition Warrant With Affidavit and
   All supporting paper Executing Extradition
   From Mexico To New Jersey State, Dated Sept 4,
   1997.

2  Copy of Transportation From Webb Texas To
   New Jersey State, Signed By The U.S. Marshals

3  Copy of Extradition Warrant With Affidavit
   And All supporting paper Executing
   Extradition From The New Jersey State To
   The State of New York, Dated Sept 4, 1997.

                              EXHIBIT 3

If there are any fees for copying the records requested, please inform me before filling the request (or.... please supply the records without informing me if the fees are not in excess of $_____

As you know, the Freedom of Information Law requires that an agency respond to a request within five (5) business days of receipt of a request. Therefore, I would appreciate a response as soon as possible and look foward to hearing from you shortly.

If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed.

Respectfully Submitted.

R Isasi.

Richard Isasi.
98A1899
Attica Corr. Fac.



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

TJM:KS:ts
typed 8-08-03

CRM-200300690F

AUG 1 2 2003

Mr. Richard Isasi
DIN #98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

Dear Mr. Isasi:

      This is to acknowledge receipt of your request dated June 2, 2003, for records relating to your extradition from Mexico to New Jersey and from New Jersey to New York.

      Our records indicate that we are already processing an almost identical request from you dated March 31, 2003. We are currently awaiting receipt of records from the Office of International Affairs. We will advise you further when pertinent records have been received and processed.

                Sincerely,

                Thomas J. McIntyre, Chief
                Freedom of Information/Privacy Act Unit

EXHIBIT 4    **FILE COPY**

*OIC* *SEARCHES* *Complete*



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*            *Washington, D.C. 20530*

AUG 1 7 2003

Mr. Richard Isasi
No. 98A1899
Attica Correctional Facility
Post Office Box 149                          AUG 1 3 2003
Attica, NY 14011-0149

     Re:   CRM200300551

Dear Mr. Isasi:    •

    I am writing in response to your letter, dated June 23, 2003 and received in this Office on June 30, 2003, in which you attempt to appeal from the failure of the Criminal Division to respond to your request for records concerning you.

    Please be advised that the Freedom of Information Act gives agencies twenty working days to respond to requests for access to records. <u>See</u> 5 U.S.C. § 552(a)(6)(A)(i)(2000); 28 C.F.R. § 16.6(b) (2001). This twenty-day period begins to run when the office that possesses the records actually receives the request. <u>See</u> 28 C.F.R. § 16.3(a). You indicate that you filed a FOIA request with the Criminal Division on June 2, 2003. An answer, therefore, was not due from that Office until June 30, 2003 at the earliest. Accordingly, I am closing your appeal as premature.

    If your client disagrees with my action on your appeal, he may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

               Sincerely,

               Richard L. Huff
               Co-Director

                        EXHIBIT 5

ᴊᴇM



**U.S. Department of Justice**

**Criminal Division**

_Washington, D.C. 20530_

CRM-200300551P and 200300690P

SEP 2 7 2005

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This is in response to your requests dated March 31, 2003
and June 2, 2003 for records concerning you.

We located 24 documents (items 1-24) within the scope of
your request. We have processed your request under the Freedom
of Information Act and will make all records available to you
whose release is either required by that statute, or considered
appropriate as a matter of discretion.

In light of our review, we have determined to release items
1-20 in full and items 21-23 in part, and to withhold item 24
(as described on the enclosed schedule) in full. We are
withholding the record and portions of records indicated pursuant
to one or more of the following FOIA exemptions set forth in 5
U.S.C. 552(b):

> (5) which permits the withholding of inter-agency
> or intra-agency memorandums or letters which
> reflect the predecisional, deliberative
> processes of the Department;

> (6) which permits the withholding of personnel
> and medical files and similar files the
> disclosure of which would constitute a
> clearly unwarranted invasion of personal
> privacy; and,

> (7) which permits the withholding of records or
> information compiled for law enforcement
> purposes, but only to the extent that the
> production of such law enforcement records or
> information...

B MM
7/21/05
(1)

a/m a|9|05

FILE
COPY

EXHIBIT 6

(C)    could reasonably be expected to
       constitute an unwarranted invasion
       of personal privacy;

(F)    could reasonably be expected to
       endanger the life or physical
       safety of any individual.

We have also located documents which originated in an Office
of an United States Attorney.  Pursuant to Department practice,
we have referred these documents to the Executive Office for
United States Attorneys (which processes such documents) for
direct response to you.

In addition, we have located documents which are of interest
to the Offices of the Attorney General and Deputy Attorney
General.  We have referred these documents to the Office of
Information and Privacy (which processes such documents) for
direct response to you.  We have also located documents which
originated in the Office of Legal Counsel and State Department
and have referred those documents to those agencies for direct
response to you.

You have a right to an administrative appeal of this partial
denial of your request.  Department regulations provide that such
appeals must be filed within sixty days of your receipt of this
letter.  28 C.F.R. 16.9.  Your appeal should be addressed to: The
Office of Information and Privacy, United States Department of
Justice, Flag Building, Suite 570, Washington, D.C. 20530.  Both
the envelope and the letter should be clearly marked with the
legend "FOIA Appeal."  If you exercise this right and your appeal
is denied, you also have the right to seek judicial review of
this action in the federal judicial district (1) in which you
reside, (2) in which you have your principal place of business,
(3) in which the records denied are located, or (4) for the
District of Columbia.  If you elect to file an appeal, please
include, in your letter to the Office of Information and Privacy,
the Criminal Division file number that appears above your name in
this letter.

Sincerely,


Thomas J. McIntyre, Chief
Freedom of Information/Privacy Act Unit
Office of Enforcement Operations
Criminal Division

2

SCHEDULE OF DOCUMENTS WITHHELD IN FULL
(Refer to Body of Letter for Full Description of (Exemptions)

24.  Fax Transmittal, Secretaria De Relaciones Exteriores to Mary
Lee Warren, March 19, 1995.  Withheld in full pursuant to FOI
exemption 5 U.S.C. 552(b)(5).



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

OCT 2 1 2005

Mr. Richard Isasi
No. 98A1899
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

    Re: Request No. CRM200300551P and CRM200300690P

Dear Mr. Isasi:

    This is to advise you that your administrative appeal from the action of the Criminal Division on your request for information from the files of the Department of Justice was received by this Office on October 17, 2005.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number **06-0187**. Please mention this number in any future correspondence to this Office regarding this matter.

    We will notify you of the decision on your appeal as soon as we can. The necessity of this delay is regretted and your continuing courtesy is appreciated.

                       Sincerely,

                       Priscilla Jones
                       Chief, Administrative Staff

EXHIBIT 7

CRM





**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP 2 6 2006**

Mr. Richard Isasi                              Re:    Appeal No. 06-0187
DIN 98-A-1899                                        Request Nos. 200300551P &
Attica Correctional Facility                         200300690P
Post Office Box 149                                  BVE:GLB:KAM
Attica, NY 14011-0149

Dear Mr. Isasi:

    You appealed from the action of the Criminal Division of the United States Department of Justice on your request for access to records pertaining to yourself.

    After carefully considering your appeal, and as a result of discussions between Criminal Division personnel and a member of my staff, I am releasing two additional pages to you in part that were previously withheld in full from you, copies of which are enclosed. I am otherwise affirming, on partly modified grounds, the Criminal Division's action on your request.

    The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.91 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

    The Criminal Division properly withheld certain information that is protected from disclosure under the FOIA pursuant to:

    5 U.S.C. § 552(b)(5), which concerns certain inter- and intra-agency communications protected by the deliberative process and attorney work-product privileges;

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties; and

    5 U.S.C. § 552(b)(7)(F), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to endanger the life or personal safety of an individual.

EXHIBIT 8

- 2 -

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director

Enclosure (2)



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200300551P and 200300690P

DEC 1 3 2007

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This letter is to advise you of a correction in our response to you of September 27, 2005.

In our letter, we responded to your Freedom of Information Act requests of March 31, 2003 and June 2, 2003. As indicated in our response letter, we withheld from disclosure, Item 24 which was decribed as a "Fax Transmittal, Secretaria De Relaciones Exteriores to Mary Lee Warren, March 19, 1995." There was an error in regard to the date of this document. The document is actually dated March 19, 1996.

Following your administrative appeal to the Office of Information and Privacy (OIP), the March 19, 1996 document was released to you in full. Another copy of the document is included with this letter. Thus, there is no document dated "March 19, 1995, that was withheld from disclosure.

Further, upon review of Item 22, we have determined that the information initially withheld from the letter may now be released. Attached is a clean copy of Item 22, which is a letter dated March 12, 1996.

We hope that this information clarifies our response to you.

Sincerely,

12/13/07
par

Thomas C. Taylor
Associate Director for Policy

EXHIBIT 9
**FILE COPY**



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

AUG 0 3 2007

Mr. Richard Isasi                              Re:    AG/06-R0009
98-A-1899                                             DAG/06-R0021
Attica Correctional Facility                          CLM:TEH:GEB
Attica, NY 14011-0149

Dear Mr. Isasi:

   This is a final response to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated June 3, 2003, in which you requested certain records pertaining to yourself. On September 27, 2005, the Criminal Division of the Department of Justice referred your request and six documents, totaling thirteen pages, to this Office for processing and direct response to you. Your request and the referred documents were received in this Office on October 4, 2005. This response is made on behalf of the Offices of the Attorney General and Deputy Attorney General.

   Please find enclosed five documents, totaling eleven pages, that are responsive to your request. I have determined that these documents are appropriate for release without excision. We are withholding one document, totaling two pages, on behalf of the Criminal Division pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Exemption 5 pertains to certain inter- and intra- agency communications protected by deliberative and attorney work product privileges.

   If you are not satisfied with my action on your request, you may administratively appeal from this partial denial by writing to the Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                                       Sincerely,

                                       *Thomas E. H*
                                                      *for*
                                       Carmen L. Mallon
                                       Chief of Staff

Enclosures

                                                     EXHIBIT 10



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200300551P and CRM-200300690P

FEB 1 5 2008

Mr. Richard Isasi, #98-A-1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011-0149

Dear Mr. Isasi:

This is a supplemental response to your Freedom of Information Act (FOIA) requests of March 31, 2003 and June 2, 2003.

In processing your requests, the Criminal Division referred several documents to the Office of Information and Privacy (OIP). OIP reviewed these documents and, by letter dated August 3, 2007, released all of the documents to you except for one document, totaling two pages, which was withheld pursuant to Exemption 5 of the FOIA, 5 U.S.C. Section 552(b)(5). This document was marked item 2 and was withheld on behalf of the Criminal Division.

Upon subsequent review of item 2 and upon review of additional information that has already been released to you, we have determined that item 2 may be released to you in full. A copy of this document is enclosed with this letter.

Sincerely,

Thomas C. Taylor
Associate Director for Policy

2/15/05
per

EXHIBIT 11

**FILE COPY**



**U.S. Department of Justice**

Criminal Division

---

*Office of Enforcement Operations*                    *Washington, D.C. 20530*

CRM-200800065P

FEB 1 3 2008

Mr. Richard Isasi
Reg. #98A1899
Attica Correctional Facility
P.O. Box 149
Attica, New York 14011

Dear Mr. Isasi:

      While processing your Freedom of Information Act request of February 12, 2003, the U.S. Department of State (DOS) located three records (items 1-3) which contain information of interest to the Criminal Division of the Department of Justice, and has referred those records to us for our review and direct response to you. These records were received in this Office on January 29, 2008. This request has been assigned file number CRM-20080065P. Please refer to this number in any future correspondence with this Unit.

      We have processed your request under the Freedom of Information Act and will make all records available to you whose release is either required by that statute, or considered as a matter of discretion.

      In light of our review, and the recommendations of the DOS, we have determined to release items 1- 3 in full. A copy of the records are enclosed.

      Sincerely,

      Thomas C. Taylor by Pat
      Thomas C. Taylor
      Associate Director for Policy
      Office of Enforcement Operations
      Criminal Division

EXHIBIT 12

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD ISASI,                              )
                                            )
               Plaintiff,             )
                                            )
               v.                     )        Civil Action No. 07-2015 (RBW)
                                            )
OFFICE OF THE ATTORNEY GENERAL              )
MELANIE ANN PUSTAY, Deputy Director,        )
                                            )
               Defendants.            )
_____)

## ORDER

       Upon consideration of defendant's motion to dismiss, and it appearing that plaintiff has

received the records he sought from defendant in this case, in full, it is this _____ day of

_____, 2008,

       ORDERED, that said motion be, and hereby is, granted.  This case is dismissed from the

docket of this Court with prejudice.


                                       _____
                                     UNITED STATES DISTRICT JUDGE

Copies to:

RICHARD ISASI, pro se
# 98A1899
Attaica Corr Facility
P.O. Box 149
Attica, New York 14011-0149

CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. Room E-4204
Washington, D.C. 20530