United States District Court
for the District of Columbia

RECEIVED

APR 2 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Richard Isasi,
    Plaintiff

v.

Office of the Attorney General, et al.,
    Defendants

Civil Action
No. 07-2015(RBW)

LCVR 65.1(a)

Motion for Application of the Federal Kidnapping Act 18   1201, and 18   241.  Order to Show Cause and Restraining Order.

    Upon the affidavit of Richard Isasi, sworn to the _____ day of April, 2008, and upon the copy of complaint hereto annexed, it is ordered that the above named defendants show cause before a motion term of this court, at room_____, before the Honorable Reggie B. Walton, US District Judge, United States District Court for the District of Columbia, US Courthouse, 333 Constitution Avenue NW, Washington, DC, 20001, on _____, 2008, at _____ o'clock in the _____, thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65(b), Federal Rule Civil Procedure, enjoining the defendants during the pendency of this action from requesting the Court to issue its order to show cause, restraining order, and preventing and providing substantive sanctions for any witness in the above captioned action which may be retaliatory or obstructive relating to plaintiff's personal restraint petition.

    The defendants are temporarily restrained and enjoined from specifically, plaintiff requests the court to restrain and subsequently enjoin defendants, and any organization the defendants operate or control, from seizing legal mail and pleading or plac-

ing plaintiff in the special housing unit without just cause or proceeding on any process against plaintiff, until the District Court determines plaintiff's personal restraint petition.

It is ordered that personal service of a copy of this order and annexed affidavit upon the defendants or his counsel on or before _____ o'clock in the _____, on _____ _____, 2008, shall be deemed good and sufficient service thereof.

_____
United States District Judge

Dated_____
New York, NY

Issued:_____

United States District Court
for the District of Columbia

---

Richard Isasi,
       Plaintiff

v.

Office of the Attorney General, et al.,
                     Defendants

Affidavit in Support Motion Order to Show Cause and for Application of the Federal Kidnapping Act

Civil Action #07-2015(RBW)

---

Richard Isasi, being duly sworn, deposes and says:

1. I am the plaintiff in the above entitled action and respectfully move this court to issue an Order to Show Cause why the application for the Federal Kidnapping Act should not be imposed and the temporary restraining order. Pursuant to Federal Rules of Civil Procedure, LCVR 65.1(a).

## Statement of Facts

2. On April 10, 1995, the Embassy of the United States of America, on behalf of the defendants, presented its compliments to the Secretariat of Foreign Relations and had the honor to refer to the Extradition Treaty between the United Mexican States and the United States of America.

    That the United States has the "honor." The United States named is involved by the defendants introduction of defective documents to kidnap the plaintiff. The defendants had to show by affidavit of good, why the Federal Kidnapping Act should not be imposed. 18 USCA 1201. Under Title 18 241, conspiracy against rights and under Title 18 242, deprivation of rights

under of color of law. Order to show cause.

3. On September 9, 1996, the office of the Attorney General of the United States wrote a letter statement signed to the Honorable Attorney General of the Republic of Mexico, Antonio Lozano Garcia and the former Attorney General Janet Reno properly admitted and signed that it is true that we are not able to undertake an absolute.

The defendants must have to show by affidavit of good, why the Federal Kidnapping Act should not be imposed.

No exparte order shall be granted unless based upon an affidavit showing cause thereof. No prior request has been made for the relief requested herein.

Therefore, plaintiff respectfully requests that this court could have directed the defendants to show cause why the Federal Kidnapping Act should not be imposed and the temporary restraining order pursuant to Federal Rules Civil Procedure Rule 65(b) and LCVR 65.1(a), enjoining the defendants during the pendency of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

_____
Richard Isasi, pro se

Dated April 22, 2008
New York, NY



U. S. Department of Justice

*Criminal Division*

---

Office of the Assistant Attorney General          Washington, D.C. 20530

SEP 5 1996

MEMORANDUM FOR THE ATTORNEY GENERAL

THROUGH THE DEPUTY ATTORNEY GENERAL

FROM:              John C. Keeney      MARK M RICHARD
                   Acting Assistant    Deputy Assistant Attorney General
                   Attorney General    Criminal Division

SUBJECT:           Letters to Attorney General Antonio Lozano
                   Gracia and Mexican Foreign Minister Jose
                   Angel Gurria

TIMETABLE:         As soon as possible.

SYNOPSIS:          Per your request, attached are letters to
                   Mexican Foreign Minister Gurria and Attorney
                   General Lozano reiterating our urgent need
                   for their immediate assistance in the
                   <u>Martinez</u> case.

RECOMMENDATION:    That you sign the attached letters, and that
                   they be returned to OIA for immediate
                   transmittal.



# Office of the Attorney General
## Washington, D. C. 20530

September 9, 1996

*see Next Page*

The Honorable Antonio Lozano Gracia
Attorney General of the Republic
Attorney General's Office
Mexico City, Republic of Mexico

Dear Attorney General Lozano:

It is with growing concern that I write this letter to ask once again for your valuable assistance in the Luis Martinez matter. As you are aware, Martinez, a Cuban national, has been found extraditable to the United States to face multiple murder charges in New York, but his surrender has been deferred until he completes his sentence for rape in Mexico. As you are also aware from our prior discussions on this issue, the postponement of Martinez' transfer will almost certainly result in his achievement of impunity for the crimes committed in this country because the only living eyewitness to his activities here will not be available unless his trial can be commenced in New York in the immediate future.

Clearly, the Martinez situation and our request for his temporary transfer for purposes of prosecution and sentencing present novel and difficult challenges for both our governments; but they are challenges that I believe we must address with all possible creativity, flexibility, and aggressiveness. Should we fail in our cooperative efforts in this case, only Luis Martinez will benefit, because our failure, no matter how well-founded in legal principle, will allow him to escape justice based solely on the persistent nature of his violent criminality.

In an effort to facilitate our cooperative efforts to resolve this matter, we submitted a diplomatic note to your government on May 3 of this year providing assurances regarding Martinez' immediate return to Mexico following the proceedings against him in New York. Our assurances were based on detailed consultations with each of the executive authorities who will be involved in the proposed custodial and transfer process, including the New York Governor's Office, the Office of the Queens County District Attorney, the New York State Department of Corrections, the U.S. Immigration and Naturalization Service, and the U.S. Marshals Service. We believe that our assurances should

The Honorable Antonio Lozano Gracia
Page 2

be considered fully sufficient to evidence our commitment to effecting Martinez' prompt re-transfer to Mexico following his prosecution and sentencing, and we would urge your government and the authorities in Veracruz to accept them and recognize the good faith in which they have been provided.

From our continuing consultations on the Martinez matter, we also understand that your government may have some lingering concerns about the ability of the United States to provide reciprocal assistance in similar circumstances. It is true that we are not able to undertake an absolute, written guarantee of reciprocity in all future cases and that our assurance to your government on this issue therefore encompasses simply our pledge to use our best efforts and all available legal mechanisms to effect the transfer of detained or sentenced individuals to Mexico when the interests of justice would otherwise be disserved. I believe it is important to note, however, that our past efforts in cases like these have in fact achieved positive results for Mexico through the transfer of defendants despite the pendency of a U.S. criminal charge or sentence.

For instance, in the 1995 extradition matter involving Enrique Fuentes Leon, our prosecuting authorities in Texas agreed to surrender the defendant to Mexican authorities and defer the pursuit of pending U.S. criminal charges because the equities of a return to Mexico were found to outweigh our interest in his immediate prosecution here. Even more compelling in terms of our ability and willingness to reciprocate is another case from 1995, that of Barbarino DeLeon Compean, in which Oklahoma state authorities agreed to commute the prisoner's narcotics-related sentence so that he could be expeditiously extradited to Mexico on the clearly more serious charges of murder and rape. Although neither of these cases is precisely parallel to the Martinez situation, we believe they clearly demonstrate our flexibility and commitment to ensuring that defendants can and will be brought to justice for their most serious criminal conduct, even if we must suspend our own processes to achieve that result.

Finally, I would also like to point out that the Department of Justice is in the process of reviewing possible legislation on the issue of temporary surrender for prosecution. If and when such legislation is adopted we will have an even broader basis on which to effect temporary transfers than is currently available to us through our case-by-case review and analysis. The enactment of legislation on this procedure would also obviate any need to amend or supplement existing bilateral treaties to address the matter, thus allowing us to expedite our efforts to ensure that the law enforcement interests of all affected countries can be fully and fairly addressed.

The Honorable Antonio Lozano Gracia
Page 3


    Over the past years, we have spoken frequently about increasing our cooperative efforts against crime and working together to ensure that criminals do not benefit from the differences between our criminal justice systems and procedures. The Luis Martinez case gives us a real opportunity to validate these mutual commitments and to demonstrate the flexibility and innovation needed to meet our common law enforcement challenges. I look forward to joining with you in finding a successful and expeditious resolution to this matter.

                                        Sincerely,

                                        Janet Reno

# CERTIFICATE OF SERVICE

Docket No. 07-CV-2015 (RBW)

Richard Isasi

Plaintiff

v.

Office of the Attorney General, et al,

Defendants

I, Richard Isasi, hereby certify under penalty of perjury that on April 22, 2008, I served by United States Mail a copy of Order to Show Cause and Restraining Order for Application of the Federal Kidnapping Act and Service by the Attica Legal Mail System at:

Claire Whitaker

Assistant United States Attorney

555 4th Street, NW, Room E-4204

Washington, DC 20530

Address

R. Isasi