UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RICHARD ISASI,**    Plaintiff,    v.   **OFFICE OF THE ATTORNEY GENERAL** et al.,    Defendants. | Civil Action No. 07-2015 (RBW) |

# MEMORANDUM OPINION

Plaintiff Richard Isasi has filed a *pro se* complaint in this case against a federal agency alleging a violation of the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. He also asserts a *Bivens* claim[1] against an individual federal officer for the alleged FOIA violation. The defendants have filed a motion to dismiss the case as moot, and Isasi has opposed that motion. Because a plaintiff may not maintain a *Bivens* action for a FOIA violation, the claim against the individual defendant will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A (obligating this Court to review and dismiss *sua sponte* any portion of a complaint that fails to state a claim upon which relief may be granted). Moreover, because Isasi has already received all the information to which he is entitled under the law, a determination this Court has already made, the motion to dismiss the claim against the agency as moot will be granted.

---

[1] *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

## I. Factual Background

In 2003, Isasi made two letter requests for documents related to his extradition proceedings commenced in 1995 from Mexico to the State of New Jersey to answer to state criminal charges. In 2006, Isasi filed a FOIA action regarding his requests.[2] While that action was still pending Isasi filed this suit, complaining specifically about the decision by the Department of Justice to withhold two pages of documents that were responsive to his 2003 FOIA requests, and demanding millions in compensatory and punitive damages and a trial by jury. *See* Compl. at 3-4. The defendants argue that his claims are moot because he has received the two pages — in full — that are at issue in this case. Isasi's opposition did not identify any issue of fact with respect to the two pages that were the sole subject of the complaint.[3]

## II. Discussion

A *Bivens* action provides a remedy where a federal officer has committed a violation of an individual's constitutional rights. *Servs. Corp. v. Malesko,* 534 U.S. 61, 70 (2001); *FDIC v. Meyer,* 510 U.S. 471, 485 (1994). A *Bivens* remedy is not available where a statute provides a "comprehensive system to administer public rights." *Spagnola v. Mathis,* 859 F.2d 223, 228

---

[2] *See* slip op. *Isasi v. Jones et al.,* Civil Action No. 06-2222 (D.D.C. Jan. 27, 2009).

[3] Isasi has, however, pointed out that documents that undoubtedly existed at some time were not produced in response to his request. *See* Pl.'s Motion in Opposition to Dismiss the Case and Plaintiff's Demand for Judgment at 2. It is irrelevant to this action for the following reasons that there may be documents that once existed that have not been produced. First, the complaint in this case did not put the defendants on notice as to any claim with respect to that issue, and to introduce this issue at this late juncture in the case would unduly prejudice the defendant. Second, it is entirely possible that a FOIA request does not produce a document that undoubtedly existed at one time without any FOIA violation, as would be the case where a document no longer exists, where the document was never in the agency's possession, or where a reasonable search of its files does not lead the agency to the discovery of the requested document. *See* slip op. *Isasi v. Jones et al.*, *supra* n. 2.

(D.C. Cir. 1988) ( en banc ).  The FOIA represents such a statutory scheme.  *Johnson v. Executive Office for United States Attorneys,* 310 F.3d 771, 777 (D.C. Cir. 2002).  Thus, a plaintiff cannot maintain a *Bivens* action for an alleged violation of the FOIA by the individual defendant.  *See id.*  Accordingly, the *Bivens* claim against the individual defendant in this action will be dismissed.

In resolving a motion to dismiss for failure to state a claim upon which relief may be granted where matters outside the pleadings are considered, the motion is treated as one for summary judgment.  *See* Fed. R. Civ. P. 12(d).  Summary judgment is permitted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  In a FOIA suit, an agency is entitled to summary judgment once it bears its burden of demonstrating that no material facts are in dispute and that all information that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Justice,* 627 F.2d 365, 368 (D.C. Cir. 1980).  To challenge such a showing where the only documents requested have been produced, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

The complaint in this case placed in issue only two pages of responsive documents.  In a sworn statement filed with its motion to dismiss, the defendant agency has attested, and the plaintiff does not dispute, that those two pages have been released to him without any redactions.  Accordingly, there exists no dispute of fact in this case for a trial and the defendant agency is entitled to judgment as a matter of law.

### III. Conclusion

Because a *Bivens* action is not viable as a remedy for FOIA violations, and the FOIA does not permit claims against individual federal officers, the claim against the individual defendant will be dismissed for failure to state a claim upon which relief may be granted. And, because the only issue raised in the complaint was resolved when the defendant agency released the disputed documents in full to Isasi, the claim against the agency will be dismissed as moot. A related final order accompanies this memorandum opinion.

Date: January 27, 2009

/s/
REGGIE B. WALTON
United States District Judge